UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA M. MENDOZA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-02095 |
| FRANKLIN COLLECTION SERVICE, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DONNA M. MENDOZA ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of FRANKLIN COLLECTION SERVICE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events that gave rise to this action occurred within the Northern District of Illinois.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age residing within the Northern District of Illinois.

5. Defendant is a third party debt collector priding itself on obtaining "results far above the national average."[1] Defendant is a corporation organized under the laws of the state of Mississippi with its principal place of business located in Tupelo, Mississippi. Defendant regularly collects upon consumers located in the State of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to AT&T.

8. Upon information and belief, following Plaintiff's purported default on the subject debt, the subject debt was turned over to Defendant for collection purposes.

9. Around February 2021, Plaintiff noticed that Defendant reported the subject debt on her credit report.

10. Plaintiff was perplexed by Defendant's reporting as she had not received any correspondence from Defendant in regard to the subject debt.

11. Thereafter, Plaintiff contacted Defendant in order to inquire about Defendant's reporting of the subject debt on her credit report.

---

[1] https://franklinservice.com/about/

12. Once connected to a representative of Defendant, Plaintiff explained that she is not aware of owing the subject debt and asked Defendant to provide her with validation of the subject debt and proof that she owes the subject debt.

13. Defendant outright refused to provide Plaintiff with any of the information she requested and falsely stated that Plaintiff was required to send a written request to AT&T and that Defendant was not required to provide Plaintiff with any validation of the subject debt.

14. Defendant's refusal to provide Plaintiff with any documentation regarding the subject debt was particularly distressing to Plaintiff, as she was simply trying to ascertain the nature of her purported liability on the subject debt.

15. When Plaintiff questioned how Defendant could report the subject debt on her credit report and not have any information about it, Defendant responded with aggressiveness and hostility, belittling and berating Plaintiff for owing the subject debt.

16. Furthermore, Defendant asked Plaintiff where she works and asked about Plaintiff's income information.

17. Plaintiff felt harassed by Defendant's invasive questions, as she had no previous dealings with Defendant and was simply trying to assess whether she owed the debt being reported by Defendant on her credit report.

18. Despite the demands made by Plaintiff, Defendant has still not validated the subject debt.

19. Frustrated and concerned over Defendant's conduct, Plaintiff spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress stemming from Defendant's harassment and refusal to provide basic

information regarding the subject debt, being deprived the ability to intelligently respond to Defendant's collection efforts as a result of Defendant's unfair and deceptive conduct, and a further violation of her state and federally protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

28. Defendant violated §1692d through the nature of its harassing, oppressive, and abusive conduct during the phone conversation it had with Plaintiff. During this phone call, Defendant

4

berated Plaintiff and refused to provide any information on the subject debt. As soon as Plaintiff made a reasonable request for information verifying the subject debt, Defendant responded by verbally attacking and abusing Plaintiff – who was just trying to figure out the nature of Defendant's collection efforts.

### b. Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the subject debt to Plaintiff during the conversation occurring over the phone. During this call – which was Plaintiff's first communication with Defendant regarding the subject debt – Plaintiff was seeking information that would have allowed her to better understand the nature of Defendant's collection efforts; however, rather than provide Plaintiff with substantive information to which she was entitled, Defendant instead misleadingly represented that it was not required to provided Plaintiff with such information by bluntly refusing to provide such information, going even further to deceptively suggest that the only way Plaintiff could get this information would be from AT&T.

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably refused to provide information to Plaintiff regarding the subject debt. Defendant's refusal to provide this information unfairly and unconscionably deprived Plaintiff of vital information which would have allowed Plaintiff to go about intelligently addressing whether she has an actual obligation on the subject debt. Defendant's collection efforts unfairly suggested that it was not required to validate the subject debt at Plaintiff's requests, leaving Plaintiff confused and worried. The fact Defendant refused to provide such information while simultaneously reporting the subject debt on Plaintiff's credit report further underscores the unfair nature of its conduct.

  **d. Violations of FDCPA § 1692g**

34. The FDCPA, pursuant to 15 U.S.C. § 1692g(b), provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

35. Defendant violated § 1692g(b) through its blanket refusal to honor Plaintiff's dispute or provide validation regarding the subject debt. Such refusal, done during Plaintiff's 30-day validation period, was inconsistent with, and overshadowed, Plaintiff's right to submit a dispute and seek validation of the same from Defendant. Rather than clarify to Plaintiff that she could avail herself of certain procedures to receive validation of the subject debt, Defendant's conduct instead suggested to Plaintiff that Defendant did not have to provide any validation of the subject debt and that such information was only available from the original creditor. This conduct resulted in Plaintiff's otherwise-available dispute and validation rights being overshadowed in a manner that

harmed Plaintiff, as she was deprived vital information and was led to believe she could nothing but pay the subject debt in order to address Defendant's collection conduct.

36. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DONNA M. MENDOZA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 19, 2021                                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com